**In the Matter of Howard FARRELL, Dorothy Farrell, Debtor.**

**Bankruptcy No. 86–2242–W.**

United States Bankruptcy Court, S.D. Iowa.

March 20, 1987.

Roberta J. Megel, Council Bluffs, Iowa, for debtors.

Judith Spindler, Lincoln, Neb., for GMAC.

Joe W. Warford, trustee.

## ORDER

LEE M. JACKWIG, Bankruptcy Judge.

On February 3, 1987 a hearing on confirmation of the debtors' Chapter 13 plan as amended was held in Council Bluffs, Iowa. General Motors Acceptance Corporation (GMAC) had filed an objection to the debtors' amended plan on February 2, 1987. Roberta J. Megel appeared on behalf of the debtors. Judith Spindler appeared on behalf of GMAC. Joe Warford, the Chapter 13 trustee was also present.

In their amended plan, which was officially filed February 4, 1987, the debtors value the 1986 Cadillac DeVille, in which GMAC holds a security interest, at $16,000.00. The debtors propose to satisfy 11 U.S.C. section 1325(a)(5)(B)(ii) by paying GMAC $16,000.00 at 9 percent interest over the life of the plan. GMAC contends that the value of the vehicle, as of the effective date of the plan, is approximately $18,000.00.

In support of their valuation, the debtors submitted a copy of the January 1987 National Automobile Dealers Association (N.A.D.A.) Official Used Car Guide, Midwest Edition. Although the average of the retail and wholesale values of the vehicle in question equaled $14,862.50, the debtors set the value at $16,000.00 in an effort to settle the dispute. In support of its valuation, GMAC submitted various appraisals of the vehicle in question ranging from $17,995.00 to $18,900.00. GMAC further argued at the time of the hearing that the Mountain States Edition of the N.A.D.A. should control over the Midwest Edition for purposes of valuation since the vehicle had been purchased in Wyoming and, if repossessed, would be returned to Wyoming for sale. The debtors asserted that the Midwest Edition of the N.A.D.A. should control the valuation determination because the vehicle is located and used in Iowa.

Pursuant to 11 U.S.C. section 1325(a)(5), a Chapter 13 plan will satisfy the confirmation standards with respect to secured creditors that object to the plan if the debtors provide that any such creditor will retain the lien securing its claim and will realize the "value" of its collateral, as of the effective date of the plan, or if the debtors surrender the collateral to the creditor. "Value" is determined in accordance with the provisions of 11 U.S.C. section 506(a) of the Code and is necessarily limited to the creditor's interest in the estate's interest in the property. The legislative history pertaining to section 506(a) does not establish a clear method for determining value. Rather, legislative comments envision a

case-by-case analysis which takes into account the purpose of the valuation and the proposed disposition or use of the collateral. S.Rep. No. 989, 95th Cong., 2d Sess. 68 (1978) *reprinted in* 1978 U.S.CODE CONG. & ADMIN.NEWS 5787, 5854.

In the instant case, GMAC does not appear to dispute the averaging of retail and wholesale values or the 9 percent interest rate. Rather, GMAC merely objects to the debtors' use of the N.A.D.A. values in the Midwest, rather than in the Mountain States, Edition. Therefore, the sole issue before this court is whether the Midwest or Mountain States Edition N.A.D.A. values apply for purposes of valuing collateral purchased in Wyoming but located and used in Iowa.

This court has found no reported cases directly addressing the issue presented. However, the language contained in the legislative history of section 506(a) and at least one bankruptcy court decision suggest that the Midwest Edition N.A.D.A. values should control the valuation question. S.Rep. No. 989, 95th Cong., 2d Sess. 68 (1978), 1978 U.S.Code Cong. & Admin. News p. 5854 ("valuation is to be determined in light of ... the proposed disposition or use of the subject property"); *See In re Klein*, 20 B.R. 493, 495 (Bankr.N.D. Ill.1982) ("This court finds that the more equitable means of valuing the collateral is through the N.A.D.A. used car valuation publication for this region at the date of allowance of the claim.").

The Chapter 13 debtors live in Council Bluffs, Iowa. Their proposed use of the subject vehicle will likely be in or around their residence and place of employment. Accordingly, this court finds that the debtors' valuation of the vehicle based on used car sales in this region is the proper valuation for their Chapter 13 plan.

WHEREFORE, based on the foregoing analysis, the undersigned finds that the debtors' valuation, using the Midwest Edition of the N.A.D.A. used car guide, represents the value of the property for purposes of 11 U.S.C. section 1325(a)(5)(B)(ii).

THEREFORE, GMAC's objection to debtors' amended Chapter 13 plan is over-ruled and debtors' amended Chapter 13 plan filed February 4, 1987 is confirmed.